AGUSTIN CENTENO, Plaintiff and Appellee, v. ARMOUR FERTILIZER WORKS, Defendant, and BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO ET AL., Defendants and Appellants.

No. 6712. Argued July 2, 1934.—Decided July 9, 1934.

Rafael Buscaglia for the defendants-appellants. Salvador Suau for Acting Receiver of the Banco Territorial. Henry G. Molina for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The Banco Territorial y Agrícola de Puerto Rico and the Maryland Casualty Company took an appeal in the instant case from a judgment adjudging them to pay the appellee Agustín Centeno the amount of $435 as compensation for damages.

To bring the evidence of the trial before us, the appellants chose the transcript of the evidence to be made by the stenographer of the court. The stenographer filed the transcript of the evidence in the court below on July 5, 1932 and the court set September 9 of the same year for its approval. The parties did not appear that day and a new hearing was set for the 26th of the same month and year. The appellants appeared that day but the act was postponed because the judge who was to approve the transcript of the evidence

was on vacation. From that date on, September 26, 1932, no step whatsoever was taken for such approval and on May 10, 1934 the appellee presented a brief to us that we dismiss that appeal for want of prosecution.

On two occasions we postponed the hearing of this petition, the first time at the request of all the parties, and the second at the request of the appellants. The hearing was held on the 2nd of this month and year, the appellants having previously filed the transcript of the record for their appeal, in which the transcript of the evidence appears with the approval thereof on June 4 of this year.

The appellants attempt to justify the delay in the approval of the transcript of the evidence by claiming that the appellant bank was put under receivership on September 29, 1932; that the attorney for the receiver of the bank was ill for a long time and died in June, 1933; that another attorney for the receiver was not able to do anything because the documents of the bank in the suit were in the possession of another attorney who died late in 1933; that on April 15, 1934 the receiver of the bank was substituted by the Banco de Puerto Rico, a new attorney being appointed for the present receiver; and that this attorney did not know of this appeal until the appellee's motion to dismiss was served on him.

The appellants appeared jointly from the beginning of this suit, represented by two attorneys without saying whether each one of them represented one of the defendants, but by certain statements appearing in the record we come to the conclusion that the attorney Toro Cabañas who has died, represented the defendant bank, and that the Maryland Casualty Company was represented by the attorney who now objects, in the name of both appellants, to the motion to dismiss.

We may admit that the appellant bank being put under receivership caused some trouble in this appeal, but the two

years which elapsed without a single step being taken either by it or by the Maryland Casualty Company for the perfection of their appeal, is such a long period that we do not find the same justified, bearing also in mind that the attorney for the Maryland Casualty Company could have secured the approval of the transcript of the evidence and that said attorney, knowing the case from its beginning, was in condition to let the attorneys for the receivership of the bank know about the appeal pending and about the danger that the same be dismissed for want of prosecution. Therefore we do not deem the reasons adduced in opposition of the appellee's motion to be sufficient. Besides, if the appellants had appeared at the first setting made by the court for September 9, 1932, the transcript would have then been approved.

This appeal must be dismissed.